UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ORRIN WOODWARD and**
**CHRIS BRADY**,

                Plaintiffs,

   vs.                                              No. 2:13-cv-11943
                                                           Hon. Gerald E. Rosen

**EVGENIY CHETVERTAKOV,**
**GLOBAL GURUS, INC., and JOHN**
**DOE**,

                Defendants.
_____/

**OPINION AND ORDER GRANTING PLAINTIFFS' MOTION FOR**
**LEAVE TO SERVE SUBPOENA BEFORE RULE 26(f) CONFERENCE**

Plaintiffs Orrin Woodward and Chris Brady (Plaintiffs) seek to hold the operators of a website known as "Global Gurus" liable for defamation. (Plfs' Compl., Dkt. # 1). On August 7, 2013, this Court permitted Plaintiffs to effectuate service upon Defendants Chetvertakov and Global Gurus, Inc. via email address and Facebook account. (Aug. 7, 2013 Order, Dkt. # 8). Chetvertakov and Global Gurus did not appear after service; consequently, the clerk entered defaults against them on September 12, 2013. (Clerk's entries of default, Dkt. ## 15-16).

The Court's August 7, 2013 Order also permitted Plaintiffs to serve subpoenas upon the website's hosts in advance of the Rule 26(f) discovery

conference "to obtain personal contact and address information for Chetvertakov and Global Gurus and to determine the identity of, and personal contact and address information for, the John Doe defendant." (Aug. 7, 2013 Order, Dkt. # 8, at ¶ 6). The website's hosts responded to these subpoenas, revealing the name of an individual -- Arthur Carmazzi -- whom Plaintiffs believe may be the John Doe defendant. (Plfs' Br., Dkt. # 18, at 2-4). The responses also revealed the existence of a "PayPal" account used to fund website and domain name registrations. (*Id.*). Plaintiffs now seek leave to issue a subpoena to PayPal to further help identify the John Doe and elucidate the involvement of Arthur Carmazzi. The Court grants Plaintiffs' Motion.

Under Federal Rule of Civil Procedure 26(d)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized . . . by court order." Fed. R. Civ. P. 26(d)(1). "In deciding whether to permit discovery in advance of the Rule 26(f) conference, the Court should evaluate whether good cause exists." *McCluskey v. Belford High Sch.*, 2010 WL 2696599, at * 1 (E.D. Mich. June 24, 2010) (citations omitted). In *McCluskey*, the court found that there was good cause to permit plaintiffs to conduct limited discovery before the Rule 26(f) conference in order to learn the identity of a website's operator where that operator took deliberate steps to stay anonymous. *Id.* at * 1-2. ("Obviously, a plaintiff cannot have a discovery

planning conference with an anonymous defendant. It follows that the discovery the [plaintiffs] are entitled to conduct to identify the defendant must take place before the discovery planning conference because such information will permit the [plaintiffs] to identify John Doe and serve the defendant . . . .") (citation omitted and alteration in original). The Court, consistent with its August 7, 2013 Order, similarly finds that Plaintiffs have established good cause to conduct limited discovery before the Rule 26(f) conference. Plaintiffs' prior issued subpoenas were apparently somewhat fruitful, but did not provide them with the missing link in order to properly identify the John Doe defendant. Similar to the *McCluskey* defendants, it appears that Defendants have taken steps to stay anonymous with the use of possible fictitious names and addresses. (Plfs' Br., Dkt. # 18, at 2-4). Finally, in granting this Motion, the Court notes that PayPal may, consistent with the Federal Rules of Civil Procedure, seek to quash or modify the subpoena if appropriate and if it chooses to do so.

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Plaintiffs' Motion for leave to serve subpoena before rule 26(f) conference [Dkt. # 18] is GRANTED. Plaintiffs may take discovery in advance of the Rule 26(f) discovery conference by serving a subpoena upon PayPal -- consistent with Exhibit D to Plaintiffs' Motion (Ex. D to

Plfs' Mtn., Dkt. # 18-5) -- to determine the identify of, and obtain personal contact and address information for, the John Doe defendant.

**IT IS SO ORDERED.**


Dated:  October 30, 2013          s/Gerald E. Rosen
                                  GERALD E. ROSEN
                                  CHIEF, U.S. DISTRICT COURT


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 30, 2013, by electronic and/or ordinary mail.

                                  s/Julie Owens
                                  Case Manager, 313-234-5135

4